{¶ 44} I write separately to note one disturbing occurrence in the adjudicatory proceedings, although on these facts, it does not warrant the denial of appellate counsel's motion to withdraw. Appellant was conveyed from her incarceration in order to attend the adjudicatory hearing. After all parties had waived opening statements, appellant's counsel asked the court: "Your Honor, before we begin is there any way I could get one of my client's arms free to write me notes, that she could do that?" The judge replied: "That would be up to the Sheriff's department. All right. Call your first witness * * *." Evidently, appellant was in handcuffs or some type of shackle. Nothing in the transcript or record indicates definitely whether appellant was unshackled.
 {¶ 45} Due process forbids the use of shackles in criminal trials. InDeck v. Missouri (2005), 544 U.S. 622, the United States Supreme Court grounded the due process right to be free of shackles in three fundamental legal principles: the presumption of innocence, the Sixth Amendment right to counsel, and the imperative that judges maintain a dignified judicial process. Id. at 630-631. Deck held that the Fifth and Fourteenth Amendments prohibit the use of visible shackles during the penalty phase of a capital trial, id. at paragraph one of the syllabus, applying pre-existing rules governing the guilt phase of criminal proceedings. Marquard v. Secretary for Dept. of Corrections (2005),429 F.3d 1278, 1311.
 {¶ 46} The prohibition against shackling is extended to certain civil proceedings *Page 17 
because "[t]here is a constitutional right to a fair trial in a civil case." Lemons v. Skidmore (C.A. 7, 1993), 985 F.2d 354, 357, citingChicago Council of Lawyers v. Bauer (C.A. 7, 1975), 522 F.2d 242, 248, cert. denied, 427 U.S. 912. Although we have found no Ohio court that has addressed the issue (hopefully because parents are not routinely shackled), other states have applied the prohibition against shackling to termination cases. See In re A.H. (2005), 359 Ill.App.3d 173; In reK.R. (2001), 45 Tex. Sup.Ct. J. 95, 63 S.W.3d 796. A parent's interests in termination proceedings are just as compelling as the interests in similar civil cases holding that shackles deprive a party of the right to a fair civil trial. See, e.g., Tyars v. Finner (C.A. 9, 1983),709 F.2d 1274, 1284-85 (unconstitutional to compel the subject of a civil commitment hearing to wear physical restraints at trial); Lemons v.Skidmore, supra at 356-58 (impermissible to shackle plaintiff prison inmate in a civil rights action alleging excessive force by corrections officers). Further, although no jury is present in termination proceedings, extending the prohibition against shackling to termination proceedings may be grounded on the Sixth Amendment right to assist one's counsel and the right to appear in court with dignity, just as these due process concerns apply in the penalty phase of a capital trial. SeeDeck, 544 U.S. 631-632.
 {¶ 47} We have often repeated that parents are afforded the highest degree of due process because "a termination of parental rights is the family law equivalent of the death penalty in a criminal case. The parties to such an action must be afforded every *Page 18 
procedural and substantive protection the law allows." In re Smith
(1991), 77 Ohio App.3d 1, 16. A "fundamental requirement of due process" is the opportunity to be heard "in a meaningful manner." Matthews v.Eldridge (1976), 424 U.S. 319, 333. The significance and meaning of a parent contesting her alleged unsuitability is tarnished by forcing the parent to appear in shackles. Considerations of decorum and dignity apply with compelling force in the context of termination proceedings because a parent is contesting alleged neglect or abuse and unsuitability.
 {¶ 48} Before Deck, the appellate standard of review upon a trial judge's decision to leave a defendant shackled was whether the judge abused her discretion. Because this standard requires some discretion to have been exercised in the first instance, a judge errs when relegating the decision to shackle. "The trial court must exercise its own discretion and not leave the issue up to security personnel. See, e.g.,Woodards v. Cardwell (C.A.6, 1970), 430 F.2d 978, 981-982. AccordState v. Cassano, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 54." State v. Adams (2004), 103 Ohio St.3d 508, 530, 2004-Ohio-5845, ¶ 104. In Woodards, the Ohio Supreme Court affirmed a conviction, finding no error in the trial judge's deference to the sheriff on whether to unshackle the defendant. The Sixth Circuit granted the defendant's subsequent federal habeus petition solely because judicial discretion was not exercised: "[T]he state trial judge did not exercise his judicial discretion but rather deferred to the wishes of the sheriff who, at the commencement of the trial, requested that the restraints be retained." 430 F.2d at 982. *Page 19 
When faced with the identical issue in Cassano, the Ohio Supreme Court recognized the rule of Woodards by stating, "[A] trial court must exercise its own discretion and not leave the issue up to security personnel." 96 Ohio St.3d at 103. See, also, State v. Carter (1977),53 Ohio App.2d 125, 132, reversing for limited evidentiary hearing on shackling issue, stating, "In erroneously concluding that the responsibility for the shackles was that of the sheriff and not the court, it is apparent the court did not exercise any discretion upon the issue." "[W]hen a trial court relegates whether a defendant shall be shackled to others, there is `resignation' rather than an exercise of discretion." Id. at 133, footnote 1. Even before Deck, Ohio courts found error when the trial court does not articulate its justification for shackles on the record. State v. Curry (Sept. 30, 1997), 4th Dist. No. 95CA2339.
 {¶ 49} Deck, however, eliminated the abuse of discretion standard and assigned the burden to the prosecution to show that the error is harmless beyond a reasonable doubt. Deck, 544 U.S. at 635, citingChapman v. California (1967), 386 U.S. 18, 24. "Deck places the burden on the State to prove harmless error." Lakin v. Stine (2005),431 F.3d 959, 966. A harmless error analysis also applies. In re K.R. (2001), 45 Tex. Sup.Ct. J. 95, 63 S.W.3d 796.
 {¶ 50} If the prohibition against shackling extends to adjudication and dispositional proceedings, it was error for the judge to defer to appellant's guard in the first instance. State v. Cassano,96 Ohio St.3d 94, 2002-Ohio-3751, ¶ 54. However, *Page 20 
while the record does not indicate that appellant was unshackled, neither does the record indicate that appellant remained shackled. Moreover, appellant was shackled only during the adjudication, at which appellant's current incarceration was directly in issue as the complaint alleged dependency due to her incarceration. Appellant was not constrained from testifying. Also, her counsel failed to enter an objection on the basis that any shackling impeded his representation or appellant's ability to assist in his representation. Given that no Ohio court has yet applied the prohibition against shackling to adjudication and disposition proceedings, and given the state of this record, the court's error in failing to exercise discretion does not warrant appointment of appellate counsel. For those reasons, I respectfully concur in judgment only. *Page 1